## KANSAS FLOUR MILLS CORPORATION v. JOAQUIN GROCERY CO.

### No. 3320.

Court of Civil Appeals of Texas. Beaumont.
June 9, 1938.

Rehearing Denied June 22, 1938.

Davis, Avery & Wallace, of Center, for appellant.

Sanders & McLeroy, of Center, for appellee.

O'QUINN, Justice.

This was an action in county court of Shelby County by appellant, Kansas Flour Mills Corporation, against appellee, Joaquin Grocery Company, for damages in the sum of $422.52, for breach of contract, whereby appellant agreed to sell and appellee agreed to buy 420 barrels of flour. The appeal is from the judgment of the lower court sustaining the general demurrer to appellant's petition. Appellee also plead a cross action

against appellant; on the facts, the court found this issue against appellee.

Appellant alleged: (1) Both it and appellee are corporations; (2) On the 23rd day of September, 1933, appellant and appellee entered into a contract in writing whereby appellant agreed to sell and appellee agreed to buy 420 barrels of flour; contract attached as an exhibit to the petition. The flour was to be delivered on appellee's orders to be filed with appellant on or before December 23, 1933; (3) Appellee failed to furnish the shipping instructions prior to the 23rd day of December, 1933: "and the said contract was, in accordance with the terms and provisions thereof, automatically extended from day to day from and after December 23, 1933, until February 28, 1934, at which time the plaintiff terminated said contract in accordance with the terms and provisions therein contained, and notified the defendant of said termination;" (4) Appellant was ready, willing, and able to deliver the flour, but appellee failed to furnish the shipping instructions, and by failing and refusing to furnish the shipping instructions breached the contract and caused appellant to suffer damages in the sum sued for; (5) Appellant had demanded payment of its damages; appellee had refused to pay; the prayer was for the damages in the sum of $422.52.

Appellant assigns as error, first, that the court erred in sustaining appellee's general demurrer to its petition. Appellee contends that, "The trial judge very correctly sustained the demurrer on the ground that plaintiff's petition failed to state a cause of action, in that the allegations did not sufficiently show one of the primary elements of the cause of action, i. e. a breach of the contract by the defendant." We quote appellee's first and second counter propositions:

"(a) In a suit for damages for breach of a written contract to buy 420 barrels of flour, which contract was attached to plaintiff's petition as an exhibit and made a part of the petition by reference, and which contract showed on its face to have been modified so as to extend the time of performance by defendant, but which did not specify the date of performance by defendant, where the petition did not allege that performance was to have been made within a reasonable time, and did not allege the facts and circumstances to show what would have been a reasonable time, and where the petition showed that the plaintiff terminated the

contract by a letter to defendant, plaintiff's petition failed to show a breach of the contract by defendant and was subject to defendant's general demurrer, and the court did not err in sustaining defendant's general demurrer.

"(b) The court did not err in rendering judgment that the plaintiff take nothing by its action for damages arising from a written contract where the undisputed and uncontradicted evidence showed without question that the plaintiff itself renunciated and breached the contract before the date of performance by defendant, which was not specified in the contract, but which under the facts and circumstances was a reasonable time after December 23, 1933, where the plaintiff wrote a letter to defendant on February 28, 1934, before the expiration of a reasonable length of time, advising defendant that plaintiff was that date terminating the contract, thereby breaching the contract."

Appellee's counter propositions do not correctly state the law of appellant's petition. The contract was entered into on the 23rd day of September, 1933. Under the original agreement, all the flour was to be delivered on or before the 23rd day of December, 1933. Under the terms of the contract, it was extended from December 23, 1933, to February 28, 1934, when it was "terminated" by appellant, and it also notified appellee. By its counter propositions, appellee asserts that appellant "terminated" the contract before the expiration of "a reasonable time after the 23rd day of December, 1933." Under the original contract, before it was modified, appellee was bound to order out the flour within three months, which it did not do. Appellant granted it an extension of two months, and within that extension appellee did not order out the flour. In view of the fact that appellee, originally, was given only three months to order out the flour, we cannot say, as a matter of law, that a two months extension was not "a reasonable time." Appellant was entitled to all intendments deducible from the allegations of its petition. When all allegations are construed together, it is our conclusion that appellant, as against appellee's counter propositions, plead a breach of the contract. The petition was not subject to the general demurrer.

We have carefully considered the special exceptions sustained against appellant's petition; the court erred in sustaining these special exceptions.

Inasmuch as the court disposed of appellant's cause of action on the general demurrer, we cannot say that the court considered all the facts in deciding against appellee on its cross action.

It is our order that the judgment of the lower court on the demurrers, general and special, and on the facts of appellee's cross action, be reversed, and that the cause be remanded for a new trial on all issues made by the pleadings—appellant's petition against appellee and appellee's cross action against appellant.

Reversed and remanded.